1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

SCOTT R. WESSA and KIM WESSA,
husband and wife,

               Plaintiffs,

        v.

WATERMARK PADDLESPORTS, INC., a
Delaware corporation; YAKIMA PRODUCTS,
INC., a Delaware corporation; and JOHN
DOES AND JANE DOES 1 through X,

               Defendants.

Case No. C06-5156 FDB

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS CAUSES OF
ACTION FOR FRAUDULENT
INDUCEMENT AND NEGLIGENT
MISREPRESENTATION

17

18

19

20

21

     This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' causes of action for fraudulent inducement and negligent misrepresentation pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion and dismisses the claims of fraudulent inducement and negligent misrepresentation for the reasons stated below.

22

**INTRODUCTION AND BACKGROUND**

23

24

25

     Scott and Kim Wessa brought suit in Clark County Superior Court against Yakima Products,

26

ORDER - 1

1   Inc.[1]  (Hereafter, Yakima) and unnamed representatives regarding a dispute that arose from

2   Yakima's purchase of a patent from the Wessas.  Yakima removed the case to this Court.  Plaintiffs

3   assert four causes of action: (1) breach of contract, (2) declaratory relief, (3) fraudulent inducement,

4   and (4) negligent misrepresentation.  Yakima moves to dismiss the later two claims for failure to

5   state a claim under Fed. R. Civ. P. 12(b)(6) and failure to allege fraud with particularity under Fed.

6   R. Civ. P. 9(b).

7          With respect to the claims for fraudulent inducement and negligent misrepresentation,

8   Plaintiffs allege that the Defendants made certain misrepresentations or omissions of material facts to

9   induce Plaintiffs to enter into the contract.  Specifically, the Complaint alleges that unnamed

10  representatives of Yakima made the following misrepresentations: "[1] that [Yakima] possessed and

11  would possess the necessary engineering capacity to re-engineer and redesign the existing Product

12  for an enhanced version marketable by February 2006, [2] that [Yakima] would market the existing

13  Product within a few months after the execution of the Option Agreement, and [3] that [Yakima]

14  would tie in and market the roof rack in conjunction with defendant Yakima's kayak and boat

15  product lines.  In addition, [4] defendants John Does and Jane Does, I through X, failed to disclose

16  certain information including, without limitation, that defendant Watermark intended to move its

17  principle location from Arcata, California to the Portland, Oregon geographic area."  Complaint, pp.

18  8-10.

19                    **MOTIONS UNDER RULES 9(b) AND 12(b)(6)**

20         The Federal Rules of Civil Procedure apply irrespective of the source of subject matter

21  jurisdiction, and irrespective of whether the substantive law at issue is state or federal.  <u>Vess v. Ciba-

22  Geigy Corp. USA</u>, 317 F.3d 1097, 1102 (9th Cir. 2003).  Allegations of fraud are subject to

23  heightened pleading requirements.  Fed. R. Civ. P. 9(b) states: "In all averments of fraud or mistake,

24  _____

25         [1]Plaintiffs also named Watermark Paddlesports as a defendant.  They are the same entity as
    Yakima, Watermark having changed its name to Yakima Products, Inc. In June 2005.

26  ORDER - 2

1   the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent,

2   knowledge, and other condition of mind of a person may be averred generally." Rule 9(b)'s

3   particularity requirement applies to state-law causes of action.  The federal court examines state law

4   to determine whether the elements of fraud have been pled sufficiently to state a cause of action and

5   applies Rule 9(b) requirements to examine whether the circumstances of the fraud are stated with

6   particularity.  Vess, at 1103.  See also, Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791,

7   796 (9th Cir. 1996) (applying Rule 9(b) to pleading of state-law cause of action).  Rule 9(b) demands

8   that averments of fraud must be accompanied by "the who, what, when, where, and how" of the

9   misconduct charged.  Vess, at 1106; Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997).

10          A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure to

11   plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for

12   failure to state a claim.  Vess, at 1107.  "If insufficiently pled averments of fraud are disregarded, as

13   they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the

14   complaint.  In that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted.

15   Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b)

16   has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are

17   treated in the same manner." Vess, at 1107.

18          The Rule 9(b) requirement that fraud be alleged with particularity applies to claims

19   "grounded in fraud." Vess at 1103-04, 1107.  "In cases where fraud is not a necessary element of a

20   claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in

21   fraudulent conduct.  In some cases, the plaintiff may allege a unified course of fraudulent conduct

22   and rely entirely on that course of conduct as the basis of a claim.  In that event, the claim is said to

23   be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy

24   the particularity requirement of Rule 9(b)." Id.  In support of their cause of action for negligent

25   misrepresentation, Plaintiffs restate the exact same factual allegations set forth in their claim of

26   ORDER - 3

1   fraudulent inducement.  This restatement of the allegations of fraud demonstrates a unified course of

2   conduct to support both claims and thus the negligent misrepresentation cause of action is subject to

3   the heightened pleading requirements of Rule 9(b).

4          Under Washington law, the nine elements of fraud are (1) representation of an existing fact;

5   (2) materiality; (3) falsity; (4) the speaker's knowledge of it falsity; (5) intent of the speaker that it

6   should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on

7   the truth of the representation; (8) plaintiff's right to rely upon the representation; and (9) damages

8   suffered by the plaintiff.  Stiley v. Block, 130 Wn.2d 486, 505, 925 P.2d 194 (1996).  A negligent

9   misrepresentation occurs when one who, in the course of his business, profession or employment, or

10  in any other transaction in which he has a pecuniary interest, supplies false information for the

11  guidance of others in their business transactions, is subject to liability for pecuniary loss caused to

12  them by their justifiable reliance upon the information, if he fails to exercise reasonable care or

13  competence in obtaining or communicating the information.  Micro Enhancement Int'l, Inc. v.

14  Coopers & Lybrand, L.L.P., 110 Wn. App. 412, 436, 40 P.3d 1206 (2002); Restatement (Second) of

15  Torts § 552(1) (1977).

16         A "false representation" as to a presently existing fact is a prerequisite to liability for both

17  fraud and negligent misrepresentation.  See, Stiley, at 505-06 (fraud); Micro Enhancement, at 436

18  (negligent misrepresentation); Elliott Bay Seafoods, Inc. v. Port of Seattle, 124 Wn. App. 5, 14, 98

19  P.3d 491 (2004)(negligent misrepresentation).  To avoid dismissal for inadequacy under Rule 9(b),

20  the complaint must state the time, place, and specific content of the false representations as well as

21  the identities of the parties to the misrepresentation. Edwards v. Marin Park, Inc., 356 F.3d 1058,

22  1066 (9th Cir. 2004);  Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir.1989).

23  Mere conclusory allegations of a false representation are insufficient.  "[A] plaintiff must set forth

24  more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is

25  false or misleading about a statement, and why it is false."  In re GlenFed, Inc. Sec. Litig., 42 F.3d

26  ORDER - 4

1   1541, 1548 (9th Cir. 1994).  "In other words, the plaintiff must set forth an explanation as to why the

2   statement or omission complained of was false or misleading" <u>Id</u>.

3        The Plaintiffs have failed to meet the Rule 9(b) heightened pleading standard.  The allegations

4   of fraudulent inducement and negligent misrepresentation are statements of neutral facts that

5   Plaintiffs assert are falsities.  Plaintiffs have failed to set forth any explanation as to the alleged falsity.

6   See, <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 993-94 (9th Cir. 1999).

7        Promises of future conduct may support a contract claim. But failure to perform those

8   promises alone cannot establish the requisite negligence for negligent misrepresentation.  <u>Micro</u>

9   <u>Enhancement</u>, at 436.  Promises of future performance are not representations of presently existing

10  fact.  <u>Stiley</u>, at 505-06; <u>Micro Enhancement</u>, at 436; <u>West Coast, Inc. v. Snohomish County</u>, 112

11  Wn. App. 200, 206, 48 P.3d 997 (2002).  A representation of an existing fact must exist

12  independently of: (1) any future acts or actions on the part of the party making the statement, (2) the

13  occurrence of any other particular event in the future, and (3) the particular future uses of the person

14  to whom the statement is made.  <u>Westby v. Gorsuch</u>, 112 Wn. App. 558, 571, 50 P.3d 284 (2002).

15  "Where the fulfilment or satisfaction of the thing represented depends upon a promised performance

16  of a future act, or upon the occurrence of a future event, or upon particular future use, or future

17  requirements of the representee, then the representation is not of an existing fact."  <u>Shook v. Scott</u>,

18  56 Wn.2d 351, 356, 353 P.2d 431 (1960).  See also, <u>In re Syntex Corp. Secs. Litig.</u>, 95 F.3d 922,

19  934 (9th Cir. 1996) (Predictions proved to be wrong in hindsight do not render the statements untrue

20  when made).  Plaintiff must set forth, as part of the circumstances constituting fraud, an explanation

21  as to why the disputed statement was untrue or misleading when made.  This can be done most

22  directly by pointing to inconsistent contemporaneous statements or information (such as internal

23  reports) which were made by or available to the defendants.  <u>Yourish</u>, at 994; <u>In re GlenFed, Inc.</u>

24  <u>Sec. Litig.</u> at 1549.

25        The Plaintiffs' allegations of fraudulent inducement and negligent misrepresentation are

26  ORDER - 5

1   allegations concerning future performance.  There are no factual allegations in the complaint that

2   support the assertion that these promises of future conduct were made for the purpose of deceiving

3   and without an intention of preforming.  See, <u>Flower v. T.R.A. Industries, Inc</u>., 127 Wn. App. 13,

4   33, 111 P.3d 1192 (2005)(inconsistent contemporaneous statements).  Hindsight does not render the

5   statement of promised performance a falsehood when made.  To survive Rule 9(b) Plaintiffs must

6   allege statements that were untrue when made.  No factual allegations in the Complaint meet this

7   test.

8          To the extent the Plaintiffs allege an omission (failure to disclose intent to change business

9   location) as a fraudulent inducement or negligent misrepresentation, Rule 9(b) mandates the pleading

10  set forth the type of facts omitted and the way in which the facts made the representations

11  misleading.  See, <u>Fujisawa Pharmaceutical Co., Ltd. v. Kapoor</u>, 814 F. Supp. 720, 727 (N.D.

12  Ill.,1993).  See also, <u>Moore v. Kayport Package Express, Inc</u>., 885 F.2d. 531 (9th Cir.1989)( Fed. R.`

13  Civ. P. 9(b) applies to "all averments of fraud," including allegations of fraudulent concealment).

14  Plaintiffs' allegations addressing the failure to disclose the future relocation do not meet the

15  heightened pleading requirements of Rule 9(b).  No allegations are present that establish why this

16  omission was misleading and thus, constitutes fraud or negligent misrepresentation.

17         Washington has adopted Restatement (Second) of Torts § 551 (1977), which permits a claim

18  for negligent misrepresentation if the plaintiff establishes a duty to disclose or to provide accurate

19  information.  <u>Richland Sch. Dist. v. Mabton Sch. Dist</u>., 111 Wn. App. 377, 385, 45 P.3d 580 (2002),

20  <u>review denied</u>, 148 Wn.2d 1002 (2003).  A party has engaged in fraud or inequitable conduct if it

21  conceals a material fact from the other party.  However, concealment only constitutes fraud or

22  inequitable conduct when the party possessing the knowledge has a duty to disclose that knowledge

23  to the other party.  <u>Washington Mut. Sav. Bank v. Hedreen</u>, 125 Wn.2d 521, 526, 886 P.2d 1121

24  (1994).  Ordinarily the duty to disclose a material fact exists only where there is a fiduciary

25  relationship, and not where the parties are dealing at arm's length.  <u>Oates v, Taylor</u>, 31 Wn.2d 898,

26  ORDER - 6

1  903, 199 P.2d 924 (1948).  In <u>Trimble v. Washington State University</u>, 140 Wn.2d 88, 97-98, 993

2  P.2d 259 (2000), the court held that failure to inform a party of potential disadvantages to a contract

3  does not create a cause of action for negligent misrepresentation.  Plaintiffs have failed to allege facts

4  that establish a duty to disclose or that the non-disclosure was material to the contract.  Plaintiffs

5  have failed to comply with Rule 9(b).  Accordingly, Plaintiffs causes of action for fraudulent

6  inducement and negligent misrepresentation are subject to dismissal.

7  <center>**CONCLUSION**</center>

8       For the reasons set forth above, pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6),  Defendants

9  are entitled to dismissal of Plaintiffs' causes of action for fraudulent inducement and negligent

10  misrepresentation.

11       ACCORDINGLY,

12       IT IS ORDERED:

13       Defendant Yakima Products Inc.'s Motion to Dismiss [Dkt #6] is GRANTED, and Plaintiffs'

14  Third Cause of Action: Fraudulent Inducement and Fourth Cause of Action: Negligent

15  Misrepresentation are dismissed.

16       DATED this 22nd day of May, 2006.

17

18

19                        FRANKLIN D. BURGESS

20                        UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26  ORDER - 7