UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SCOTT R. WESSA and KIM WESSA, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>WATERMARK PADDLESPORTS, INC., a Delaware corporation; YAKIMA PRODUCTS, INC., a Delaware corporation; and JOHN DOES AND JANE DOES 1 through X,<br><br>    Defendants. | Case No. C06-5156 FDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CAUSE OF ACTION FOR DECLARATORY JUDGMENT |

This matter comes before the Court on Defendants' Fed. R. Civ. P. 12(c) motion to dismiss Plaintiffs' cause of action for declaratory judgment seeking a declaration that a purported "Second Amendment" to an "Option Agreement" is binding and enforceable. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion and dismisses the cause of action for declaratory relief for the reasons stated below.

**INTRODUCTION AND BACKGROUND**

Scott and Kim Wessa brought suit in Clark County Superior Court against Yakima Products,

ORDER - 1

Inc.[1] (hereafter, Yakima) regarding a dispute that arose from Yakima's purchase of a patent from the Wessas. Yakima removed the case to this Court. Plaintiffs assert four causes of action: (1) breach of contract, (2) declaratory relief, (3) fraudulent inducement, and (4) negligent misrepresentation. By pervious order this Court dismissed the causes of action for fraudulent inducement, and negligent misrepresentation. Yakima now moves for judgment on the pleadings, Fed. R. Civ. P. 12(c), to dismiss the cause of action for declaratory relief.

Based on the Plaintiffs' Complaint the following facts are undisputed. Plaintiffs Wessa entered into an option agreement on August 13, 2004 for the sale of a patent for a vehicle side loading roof rack to Watermark Paddlesports, Inc. (now Yakima Products, Inc.). The Option Agreement provides that any amendment to the agreement shall not be binding upon any of the parties to the agreement unless such amendment is in writing duly executed by the parties thereto. An Amendment to the Option Agreement was executed by both parties on August 30, 2004. On September 1, 2004 the transaction closed and the Wessas were paid $212,500 for the patent. The Option Agreement further requires Yakima to pay the Wessas commission payments for the sale of side loading roof rack systems that practice the patent. This provision also provides that Yakima agrees to make normal and customary efforts to market the roof rack in the two year period following the closing of the sale.

On or about January 10, 2006, subsequent to negotiations between the parties, Yakima forwarded to the Wessas a proposed Second Amendment to the Option Agreement that would adjust the commission payment schedule to commence on April 29, 2006 and terminate on April 29, 2013. This amendment was signed by the Wessas and returned to Yakima on January 12, 2006. Yakima declined to execute the amendment and notified the Wessas by letter and facsimile, dated January 13, 2006, that it had determined that moving forward with the product did not make financial sense for

---

[1]Plaintiffs also named Watermark Paddlesports as a defendant. They are the same entity as Yakima, Watermark having changed its name to Yakima Products, Inc. In June 2005.

ORDER - 2

the company at this time and as such the Second Amendment would not be executed.

The Wessas commenced this action.  The cause of action for breach of contract asserts that Yakima failed to make normal and customary efforts to market the patent pursuant to the Option Agreement and failed to make the scheduled commission payments.  The cause of action for declaratory judgment seeks a determination that the Second Amendment is a binding and enforceable contract.  Only the later cause of action is at issue here.

## MOTIONS UNDER RULE 12(c)

The Federal Rules of Civil Procedure apply irrespective of the source of subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1102 (9th Cir. 2003).  Under Rule 12(c) of the Federal Rules of Civil Procedure, any party may seek judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c).  In considering a rule 12(c) motion, the Court must accept all material allegations of the nonmoving party as true, and construe the pleadings in the light most favorable to the nonmoving party.  <u>Doyle v. Raley's Inc.</u>, 158 F.3d 1012, 1014 (9th Cir.1998).  A pleading's legal conclusions and inferences will not be deemed admitted, <u>Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend</u>, 163 F.3d 499, 452 (7th Cir.1998), but Rule 12(c) judgment will be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law.  <u>Fajardo v. County of Los Angles,</u> 179 F.3d 698, 699 (9th Cir.1999).  Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir.1990).  However, if a material issue of fact remains in dispute, the court must deny the Rule 12(c) motion.  Judgment on the pleadings is only warranted where it appears beyond doubt that the plaintiff will be unable to prove any facts to support the alleged claims for relief.  <u>Daniel v. County of Santa Barbara</u>, 288 F.3d 375, 380 (9th Cir.2002).

ORDER - 3

**CONTRACT MODIFICATION**

Mutual modification of a contract by subsequent agreement arises out of the intentions of the parties and requires a meeting of the minds. Jones v. Best, 134 Wn.2d 232, 240, 950 P.2d 1 (1998); Wagner v. Wagner, 95 Wn.2d 94, 103, 621 P.2d 1279 (1980); Ebling v. Gove's Cove, Inc., 34 Wn.App. 495, 499, 663 P.2d 132 (1983). Both parties must agree to a modification of an existing contract in order for the change to be effective. Ebling, at 499; MacDonald v. Hayner, 43 Wn.App. 81, 84, 715 P.2d 519 (1986). Mutual assent is required and one party may not unilaterally modify a contract. Jones, at 240; In re Relationship of Eggers, 30 Wn.App. 867, 638 P.2d 1267 (1982).

Here the purported modification of the Option Agreement was not signed by the Defendant Yakima. The Option Agreement provides that any amendment to the agreement shall not be binding upon any of the parties to the agreement unless such amendment is in writing duly executed by the parties thereto. The Wessas concede that Yakima did not execute the amendment. Relying on Williams v. Bank of California, N.A., 96 Wn.2d 860, 639 P.2d 1339 (1982), the Wessas assert that because of "substantial compliance" with the terms of the Option Agreement, the amendment is a binding contract. In Williams, the court relied on evidence of the actual intent of the complaining party and the fact that the procedure for amendment of the trust were substantially complied with to find an amendment to the trust to be effective. Although untimely, the requirement of formal endorsement by the bank trust administrative committee did occur. Additionally, the provision that was not timely followed was for the benefit of the trustee Bank which was not a complainant in the action. Williams, at 866-67. Here there is no substantial compliance with the provision requiring a writing duly executed by the parties. Nor is there subsequent compliance. To the contrary, upon receipt of the signed amendment, Yakima demonstrated its intent when by written letter and facsimile it stated its intention not to execute the amendment.

In determining whether writings establish a contract even though the parties contemplate signing a more formal written agreement, Washington courts consider whether (1) the subject matter

ORDER - 4

has been agreed upon, (2) the terms are all stated in the informal writings, and (3) *the parties intended a binding agreement prior to the time of the signing and delivery of a formal contract.* Morris v. Maks, 69 Wn.App. 865, 869, 850 P.2d 1357 (1993).  Here, the pleadings do not assert that the parties intended a binding agreement prior to Yakima complying with the Option Agreement requirement that both parties duly execute the formal amendment.

The Court recognizes that no-oral-modification clauses in written contracts are not an absolute bar to subsequent oral modification. Flower v. T.R.A. Industries, Inc., 127 Wn.App. 13, 30-31, 111 P.3d 1192 (2005).  See, e.g., Pac. Northwest Group A v. Pizza Blends, Inc., 90 Wn.App. 273, 277-78, 951 P.2d 826 (1998) (discussing paradox that a contract clause prohibiting oral modification is itself subject to oral modification); Consol. Elec. Distrib., Inc. v. Gier, 24 Wn.App. 671, 679, 602 P.2d 1206 (1979) ('the terms of the contract providing for modification being in writing can be waived by subsequent oral agreement and it is effective if executed').  Nonetheless, the Option Agreement was not validly amended because there was no meeting of the minds.  The Wessas have not alleged that Yakima expressed an intention to relinquish, or that the circumstances indicate an relinquishment of, the right to have amendments to the Option Agreement duly executed by both parties.  See, Jones v. Best, 134 Wn.2d 232, 240, 950 P.2d 1 (1998).

The pleadings demonstrate that Defendant Yakima is entitled to judgment as a matter of law.  It appears beyond doubt that the Wessas will be unable to prove any facts to support a claim that the Second Amendment is a binding and enforceable contract.

## CONCLUSION

For the reasons set forth above, pursuant to Fed. R. Civ. P. 12(c), Defendants are entitled to dismissal of Plaintiffs' cause of action for declaratory judgment.

ACCORDINGLY,

IT IS ORDERED:

Defendant Yakima Products Inc.'s Motion for Judgment on the Pleadings [Dkt #20] is

ORDER - 5

1  **GRANTED**, and Plaintiffs' Second Cause of Action: Declaratory Judgment re Binding Amendment

2  is dismissed.

3      DATED this 28th day of July, 2006

                                  FRANKLIN D. BURGESS
                                  UNITED STATES DISTRICT JUDGE

ORDER - 6